IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. |
| | ) |
| Plaintiff, | ) JUDGE |
| | ) |
| v. | ) |
| | ) |
| $14,130.00 IN U.S. CURRENCY, | ) |
| | ) |
| Defendant. | ) |
| | ) **COMPLAINT IN FORFEITURE** |

NOW COMES plaintiff, the United States of America, by Michelle M. Baeppler, First Assistant United States Attorney for the Northern District of Ohio, and Henry F. DeBaggis, Assistant U.S. Attorney, and files this Complaint in Forfeiture, respectfully alleging, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, as follows:

**JURISDICTION AND INTRODUCTION**

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C. Section 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. Section 881(a)(6).

2. This Court has *in rem* jurisdiction over the defendant currency: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395,

because the action accrued in this district. This Court will have control over the defendant currency through service of an arrest warrant *in rem*, which the Federal Bureau of Investigation (FBI) will execute upon the defendant currency. *See*, Supplemental Rules G(3)(b) and G(3)(c).

3. Venue is proper in this district: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1395 because the action accrued in this district.

4. On or about January 18, 2022, the defendant $14,130.00 in U.S. Currency was seized from the person and backpack of Trequile Burkett after he checked-in at the Spirit Airlines counter at Cleveland Hopkins Airport. The defendant currency is now in the custody of the federal government.

5. Subsequent to the seizure, the FBI commenced an administrative forfeiture proceeding against the defendant currency. A claim to the defendant currency was submitted by Trequile Burkett in the administrative forfeiture proceeding, thereby requiring the filing of this judicial forfeiture action.

6. The defendant $14,130.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug trafficking activities.

**FORFEITURE**

7. On October 22, 2019, Trequile Burkett was traveling from Cleveland Hopkins Airport as a passenger in a vehicle driven by J.R. when the driver committed a traffic violation

on Interstate 480 and the vehicle was pulled over by Ohio State Highway Patrol Trooper Hershman.

8. After the traffic stop, while talking to J.R., Trooper Hershman noticed marijuana residue on the front passenger seat of the vehicle where Trequile Burkett was sitting.

9. While Trooper Hershman talked to J.R., Trooper Baker arrived on the scene with his K9, walked the K9 around J.R.'s vehicle and the K9 alerted to the vehicle.

10. Trooper Hirshman talked to Burkett outside the vehicle and he asked Burkett where he was coming from and Burkett told Trooper Hirshman that he just flew in from Las Vegas and he was coming from the airport.

11. Trooper Hirshman asked Burkett if there was anything illegal in the vehicle and Burkett said, "no."

12. After the K9 alerted to the vehicle, the troopers searched the vehicle and a suitcase was found in the trunk of the vehicle.

13. Inside the suitcase the troopers located 3 black vacuum sealed bags containing approximately 1 pound of marijuana in each bag and a blue sealed bag containing marijuana edibles.

14. After Burkett was given a Miranda warning, Trooper Hershman asked Burkett if the marijuana was his and he said that it was.

15. Subsequently, Burkett was indicted for drug trafficking in the Cuyahoga County Court of Common Pleas and on March 19, 2021, an arrest warrant issued after Burkett failed to appear in court.

16. On January 18, 2022, law enforcement conducted surveillance at Cleveland Hopkins Airport and Trequile Burkett was seen checking in at the Spirit Airlines counter for a flight to Las Vegas.

17. After Burkett left the Spirit Airlines counter, he was arrested by law enforcement on the March 19, 2021, arrest warrant issued by the Cuyahoga County Court of Common Pleas.

18. After Burkett was arrested, law enforcement asked him if he had anything on his person and he answered, "four thousand," and approximately Four Thousand Dollars ($4,000.00) in U.S. Currency was seized from his person.

19. Burkett was asked by law enforcement if he was employed and he stated he was employed as a barber and he also told law enforcement that he was going to Las Vegas for "vacation."

20. Burkett gave law enforcement permission to search his backpack and when it was searched, the backpack was found to contain approximately Ten Thousand Dollars ($10,000.00) in U.S. Currency.

21. The total currency seizure was determined to be $14,130.00 in U.S. Currency, and the seized currency was brought to the Strike Force in Cleveland, Ohio for safekeeping and for a canine sniff.

22. On January 19, 2022, Border Patrol Agent Michael Lalonde and his Detection Canine Lucky arrived at the Cleveland Strike Force to perform the canine sniff.

23. Canine Lucky is trained to detect concealed humans and the odors of marijuana and its derivatives, methamphetamine and its derivatives, cocaine and its derivatives, heroin and its derivatives, and ecstasy.

24. Agent Lalonde and Canine Lucky performed a canine sniff in the female locker room at the Strike Force and Lucky did not alert, so Agent Lalonde and Lucky left the locker room for a short time.

25. While Agent Lalonde and Canine Luck were outside the female locker room, an agent brought the seized $14,130.00 in U.S. Currency into the locker room and placed the currency inside locker number 21.

26. When Agent Lalonde and Canine Lucky returned to the locker room, Canine Lucky immediately alerted to locker number 21.

## CONCLUSION

By reason of the foregoing, the defendant $142,140.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used - or was intended to be used - in exchange for illegal controlled substances, and/or was used - or was intended to be used - to facilitate illegal drug trafficking activities.

WHEREFORE, plaintiff, the United States of America, respectfully requests that this Court enter judgment condemning the defendant currency and forfeiting it to the United States, and providing that the defendant currency be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

                              Respectfully submitted,

                              Michelle M. Baeppler
                              First Assistant United States Attorney
                              Northern District of Ohio

By: _/s/ Henry F. DeBaggis_

                              Henry F. DeBaggis (OH: 0007561)
                              Assistant United States Attorney
                              Carl B. Stokes U.S. Court House
                              801 West Superior Avenue, Suite 400
                              Cleveland, Ohio 44113
                              216.622.3749 / Fax: 216.522.7499
                              Henry.DeBaggis@usdoj.gov

## VERIFICATION

STATE OF OHIO         )
                      ) SS.
COUNTY OF CUYAHOGA    )

I, Henry F. DeBaggis, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

_____
Henry F. DeBaggis (OH: 0007561)
Assistant United States Attorney

Sworn to and subscribed in my presence this 29th day of June, 2022.

_____
Notary Public

EDWARD F. FERAN, Attorney
NOTARY PUBLIC – STATE OF OHIO
My commission has no expiration date.
Section 147.03 R.C.

7